This is a suit to quiet title. Complainants, in 1924, purchased the land from one John A. Hewitt. The question is whether a certain bond executed by Hewitt in 1917, or the judgment thereon recovered against him in 1933, is a lien on the property.
The bond, which is in the sum of $500, and runs to the state, was given pursuant to the act for the maintenance of *Page 437 
bastard children (Revision of 1898), section 9, Comp. Stat. p.186. This directs that a person adjudged to be the father shall enter into bond to the state "with good and sufficient surety or sureties," conditioned that he will obey and comply with the order of filiation, c.
Hewitt's bond contains not only the statutory condition but also the condition that Hewitt appear at the next court of quarter sessions and not depart from the court without leave. The conditions are separable. "No principle is established on firmer ground than this, that the bond, although containing extra statutory conditions, is, nevertheless, good as to those separable conditions which are within the statute." State v.Such, 53 N.J. Law 351.
The bond is the sole obligation of Hewitt without sureties, although the statute requires a bond with surety or sureties to be approved by the magistrate. The failure to require sureties made the giving of the bond less onerous to Hewitt, and did not render it void or deprive it of its statutory effect.
Is such a bond a lien on land? A supplement to the Bastardy act (P.L. 1912 p. 147; Cum. Supp. Comp. Stat. p. 134), directs that bonds entered into for the appearance of the party charged or for the performance of an order of filiation shall be recorded in the county clerk's office "and upon being so recorded shall have the force and effect of a recognizance." It further provides that upon proof that the conditions of the bond have been fully complied with, the bond shall be discharged of record in the clerk's office.
It is settled that proceedings under the Bastardy act are civil and not criminal in character. Leconey v. Overseer,43 N.J. Law 406; Overseer, c., of Montclair v. Eason, 92 N.J. Law 199;Calaway v. Town of Belleville, 116 N.J. Law 377. Hewitt's filiation bond, by virtue of this supplement, has the force and effect of a recognizance given in a civil cause. Such a recognizance, by common law, is a lien on the land of the cognizors. State v. Stout, 11 N.J. Law 362. The bond became a lien on the land in question when it was recorded in the county clerk's office, immediately after it was executed. *Page 438 
Complainants further argue that the bond remained a lien for only six years, relying upon the Criminal Procedure act, section 122, as amended by P.L. 1912 p. 55; Cum. Supp. Comp. Stat. p.892, which enacts that all recognizances of bail entered into before any court or magistrate having criminal jurisdiction, shall, after a period of six years from filing and recording, no longer be a lien. This section relates only to criminal recognizances and does not limit the lien of recognizances given pursuant to the Practice act of 1903, section 56, c. (Comp.Stat. p. 4068), or the lien of a filiation bond.
No statute has been called to my attention which limits the lien of a civil recognizance. An action on a recognizance is not barred by the sixteen years statute of limitations. Elsasser v.Haines, 52 N.J. Law 10, 20. The filiation bond, in my opinion, remains a lien for twenty years unless it be first canceled of record as directed by the supplement.
In 1935, the corporation counsel of Newark, as authorized by section 18 of the Bastardy act, instituted an action on the bond in the name of the state in the first district court of the city of Newark, for breach of the condition to comply with the order of filiation and recovered judgment for the penalty of the bond. The judgment was docketed in the county clerk's office. Complainants say that the proper remedy was scire facias and not a new action; that only a judgment on scire facias will continue the lien of the filiation bond. Whatever may be true of a criminal recognizance, a civil recognizance may properly be enforced by either method. This is suggested by section 77 of the Practice act, and is shown by such cases as Van Winkle v.Alling, 17 N.J. Law 446, and Paparo v. Farber,107 N.J. Law 316.
But even if recovery on a civil recognizance could only be had on scire facias, the statute giving to a filiation bond the force and effect of a recognizance, does not require that procedure. A scire facias issues only out of the court having the record on which it is founded. Slape v. State,44 N.J. Law 254. The filiation bond is not a record of any court, but the first criminal court of the city of Newark — where Hewitt was adjudged to be the father. It could hardly have been *Page 439 
the intention of the legislature that a scire facias should issue, judgment be entered, and execution proceed out of that court. The procedure by action on the bond in the district court was proper. The judgment, docketed in the county clerk's office, continues the lien of the bond and is a lien on the property described in the bill.